# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CURTIS JAMES RUMSEY,

    Petitioner,

v.                                           Case No. 23-CV-1252

WARDEN CHRIS BUESGEN,

    Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Curtis James Rumsey, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Accompanying his petition is a motion for leave to proceed without prepayment of the $5.00 filing fee. (ECF No. 4). Based on the statements in that motion and his institutional trust account statement, the court finds that Rumsey is indigent. Therefore, his motion to proceed without prepayment of the filing fee will be granted.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rumsey has pursued relief in the Wisconsin Court of Appeals, *State v. Rumsey*, 2023 WI App 23, 407 Wis. 2d 650, 990 N.W.2d 625, 2023 Wisc. App. LEXIS 230 (per curiam), and Wisconsin Supreme Court (ECF No. 1 at 3), and therefore has plausibly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). Although he previously sought federal habeas relief, see 22-CV-27 (E.D. Wis); *Rumsey v. Buesgen*, No. 22-cv-27-pp, 2022 U.S. Dist. LEXIS 94527, at *4 (E.D. Wis. May 26, 2022), that petition was dismissed because he failed to exhaust his state court remedies, *Rumsey v. Buesgen*, No. 22-CV-27, 2022 U.S. Dist. LEXIS 182312 (E.D. Wis. Oct. 4, 2022). Because that petition was dismissed on exhaustion grounds without consideration of its merits, the present petition is not subject to the procedures of 28 U.S.C. § 2244(b). *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (quoting *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998)) And Rumsey represents that he filed his petition within one year of the Wisconsin Supreme Court denying his request for review. (ECF No. 1 at 3); *see also* 28 U.S.C. § 2244(d). Consequently, the court is unable to say that it is plainly apparent that Rumsey is not entitled to relief. The respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Rumsey shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent

shall submit a brief in opposition no later than **28 days thereafter**. Rumsey may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss Rumsey's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition, Rumsey shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

Finally, Rumsey's motion for leave to file a brief in support of his petition (ECF No. 2) is granted. The Clerk shall docket the proposed brief.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 6th day of November, 2023.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge